IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DEREK D. BELL,**

    Petitioner,

v.                                                     Civil Action No. **3:13cv232**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

## MEMORANDUM OPINION

Derek D. Bell, a Virginia detainee proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Bell has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On May 11, 2009, the Circuit Court for the City of Waynesboro entered final judgment against Bell, finding him to be a sexually violent predator pursuant to the Sexually Violent Predators Act, Va. Code Ann. § 37.2–900, *et seq.* (West 2013), and committed Bell to the custody of the Commissioner of the Virginia Department of Behavioral Health and Departmental Services ("DBHDS"). *Commonwealth v. Bell*, No. CL08000237–00, at 1–4 (Va. Cir. Ct. May 11, 2009). On October 30, 2009, the Supreme Court of Virginia, finding no reversible error, refused the petition for appeal. *Bell v. Commonwealth*, No. 091512, at 1 (Va. Oct. 30, 2009). On January 20, 2010, the Supreme Court of Virginia refused his petition for rehearing. *Bell v. Commonwealth*, No. 091512, at 1 (Va. Jan. 20, 2010).

In 2010, the Circuit Court conducted the first annual review hearing of Bell's civil commitment and on September 9, 2010, entered judgment granting Bell conditional release from commitment. *Commonwealth v. Bell*, No. CL08000237–00, at 1–3 (Va. Cir. Ct. Sept. 9, 2010). The Commonwealth appealed, and on September 16, 2011, the Supreme Court of Virginia reversed the decision of the Circuit Court finding that "[Bell] does need secure impatient treatment" and effectively ordered Bell's continued commitment. *Commonwealth v. Bell*, 714 S.E.2d 562, 566 (Va. 2011). On November 14, 2011, the Supreme Court of Virginia denied Bell's petition for rehearing. *Commonwealth v. Bell*, No. 102314, at 1 (Va. Nov. 14, 2011). On December 7, 2011, the Supreme Court of Virginia entered final judgment. *Commonwealth v. Bell*, No. 102314, at 1 (Va. Dec. 7, 2011).[1]

On February 13, 2013, the Circuit Court recommitted Bell for another year based on his written waiver of his second annual review hearing. *Commonwealth v. Bell*, No. CL08000237–00, at 1–3 (Va. Cir. Ct. Feb. 13, 2013).

On March 27, 2013, Bell filed an initial 28 U.S.C. § 2254 petition with this Court.[2] In his § 2254 Petition, the Court construes Bell to bring the following claims:

Claim One "I do not fit the criteria to be labeled a Sexual Violent Predator. (SVP). . . . I do not suffer from any type of compulsive disorder that would cause me to commit any violent sexual crime. That the

---

[1] Respondent has no reference to this Order in its Brief in Support of Motion to Dismiss and the Supreme Court of Virginia's online docket fails to reflect the filing of this Order. Nevertheless, because the records of the Supreme Court of Virginia forwarded to this Court contain the Order, the Court uses the December 7, 2011 date as the date of entry of final judgment.

[2] This is the date Bell executed his § 2254 Petition. (ECF No. 1, at 2 (as paginated by the Court's CM/ECF docketing system).) Accordingly, the Court deems this the date Bell placed the § 2254 Petition in the prison mailing system and, hence, the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Thereafter, at the Court's direction, Bell filed his 28 U.S.C. § 2254 petition on the standardized forms. ("2254 Pet.," ECF No. 5.)

> ". . . prosecution office has lied to the court and its defendants committed perjury. . . ." (§ 2254 Pet. Attach. 1, ECF No. 5–1.)[3]

Claim Two    "The circuit court lacked jurisdiction in which to bring petitioner to trial under civil commitment law. . . ." (*Id.* (citation omitted).)

Claim Three    "The lower courts violate the petitioner's liberty interest by re-civil committing him after release. . . ." (*Id.* at 2.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Bell's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] The Court corrects the capitalization in the quotations from Bell's submissions.

2.  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

The Court notes that Bell's § 2254 Petition fails to clearly identify which judgment he intends to challenge. On the first page of his § 2254 Petition, Bell very clearly states that he challenges the judgment of the "Virginia Supreme Court . . . Record No. 102314 . . . September 16th, 2011." (§ 2254 Pet. 1.) Nevertheless, Claim One appears to challenge either his initial civil commitment in 2010 or his recommitment ordered by the Supreme Court of Virginia in 2011 after his annual review. Claim Two challenges only the initial commitment. Claim Three again challenges the recommitment judgment after his annual review. Nevertheless, no need exists to determine which judgment Bell challenges, because Bell's § 2254 Petition is untimely whether measured from the finality of Bell's initial commitment in 2010 or his recommitment in 2011.

Bell's recommitment judgment became final on Tuesday, March 6, 2012, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Bell cites no other hearing or later judgment in his § 2254 Petition.[4]

---

[4] The Court notes that in some circumstances, a petitioner challenging a court's determination that he is a sexually violent predator has one year from each subsequent determination to file a § 2254 petition. *See Ballard v. Cuccinelli*, No. 3:10cv524, 2011 WL

Thus, under any pertinent circumstance, the time to file his § 2254 Petition expired at the latest on March 7, 2013, one year from the date of the finality of his state judgment. *See* 28 U.S.C. § 2244(d)(1)(A). Bell failed to file his § 2254 Petition until March 27, 2013. Neither Bell nor the record suggests any plausible basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D) or equitable tolling.[5] Thus, the statute of limitations bars Bell's § 2254 Petition.

### III. BELL'S OUTSTANDING MOTIONS

Bell has filed a Request for Default Judgment (ECF No. 16) claiming that Respondent failed to timely respond to the Court's August 15, 2013 Memorandum Order directing service on the Attorney General for the Commonwealth of Virginia. Bell is mistaken. By Memorandum Order entered August 15, 2013, the Court ordered the Attorney General for the Commonwealth of Virginia to file a responsive pleading within thirty (30) days of the receipt of the Memorandum Order. The Office of the Attorney General received the August 15, 2013 Memorandum Order on August 19, 2013. (*See* Opp'n Mot. Default Ex. A, at 1, ECF No. 18–1.) Respondent filed its response on September 17, 2013, which is within thirty (30) days of receipt of the August 15, 2013 Memorandum Order. (*See* ECF Nos. 10–13.) Because Respondent

---

1827866, at *2 (E.D. Va. May 12, 2011) (citing *Martin v. Bartow*, 628 F.3d 871, 876 (7th Cir. 2010)). Here, the Circuit Court recommitted Bell on February 13, 2013. *Commonwealth v. Bell*, No. CL08000237–00, at 1–3 (Va. Cir. Ct. Feb. 13, 2013). Bell at no point references this Order in his § 2254 Petition nor raises any direct challenge to this decision. Moreover, Bell has filed no appeal or other challenge to this Order, thus, any claim challenging this Order is unexhausted. *Timms v. Johns*, 627 F.3d 525, 531 n.5 (4th Cir. 2010) ("In the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before [the federal courts] conduct habeas review of the detention." (citing *Boumediene v. Bush*, 553 U.S. 723, 793 (2008))).

[5] Bell argues that "there is no time limit stated under 28 U.S.C. § 2254." (Answer in Opp'n at 1, ECF No. 17.) As discussed above, Bell is incorrect.

5

timely filed its response, Petitioner's Request for Default Judgment (ECF No. 16) will be DENIED.

Bell also filed a Motion for Discovery in which he seeks "physical evidence ... that will show the date" that Respondent received his § 2254 Petition and the August 15, 2013 Memorandum Order for the purposes of his Request for Default Judgment. (Mot. Discovery 1, ECF No. 19.) Because the Court has already resolved the Request for Default Judgment, Bell's Motion for Discovery (ECF No. 19) is DENIED AS MOOT.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. Bell's petition for relief under 28 U.S.C. § 2254 will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate Final Order shall issue.

Date: 6/27/14
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Bell fails to meet this standard. Accordingly, a certificate of appealability will be DENIED.